**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

KEVIN COOPER
Reg. #31073-074                                                                                                    PLAINTIFF

V.                                        2:09-cv-00032-JJV

T.C. OUTLAW, Warden, FCI-Forrest City; E.J.
PRINCE, Medical Director, FCI-Forrest City; HIPOLITO
MATOS; M. WILLIAMS, Acting Medical Director,
FCI-Forrest City                                                                                                    DEFENDANTS

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. No. 15), to which Plaintiff has now filed his Response (Doc. No. 26). In their motion, Defendants assert the Court is without "*in personam* jurisdiction" over Defendants Prince or Williams because of a failure in the execution of service. As a preliminary matter, an issue of lack of jurisdiction must be resolved before the Court can turn to the merits of the pleading. In order to do so, the Court will require additional briefing on the issue from Defendants, specifically addressing: (1) the factual basis for their assertion; (2) any case law in support of their position relevant to service pursuant to Federal Civil Procedure Rule 4(c)(3) wherein the Plaintiff has been granted *in forma pauperis* status under 28 U.S.C. § 1915; and (3) whether Defendants are willing to waive service pursuant to Rule 4(d)(1). Counsel for Defendants is also directed to provide to the Court, either under seal or directly to chambers staff, the last-known addresses for Defendants Prince and Williams.

The Court is also mindful that it is the burden of Defendants to establish the affirmative

defense of failure to exhaust administrative remedies. Defendants assert in their Brief (Doc. No. 16) that the Court lacks subject-matter jurisdiction because of Plaintiff's alleged failure to exhaust. However, the Court is not assured that this is the case. *See Lyon v. Vande Krol*, 305 F. 3d 806 (8th Cir. 2002)("The power of a district court to excuse administrative exhaustion under rare circumstances is supported by the fact that this circuit has held that § 1997e(a) is not jurisdictional"), citing *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001), *Chelette v. Harris*, 229 F.3d 684, 686-88 (8th Cir. 2000)).

Plaintiff has responded to Defendants' contention by calling the attention of the Court to a line of cases holding that "once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases." *Ortiz v. McBride*, 380 F. 3d 649 (2d Cir. 2004), citing *Ross v. County of Bernalillo*, 365 F. 3d 1181, 1187 (10th Cir. 2004), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Defendants are further directed to brief the Court on this point, including a factual summary of those steps Plaintiff did take towards exhaustion and what he should have done (or not done) in order to satisfy Defendants' understanding of complete exhaustion of administrative remedies under Bureau of Prison procedures.

Further, Defendants' counsel is directed to file responses, pursuant to this Order, within twenty-one (21) days from date of the entry of this Order.

IT IS SO ORDERED this 26th day of October, 2009.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE