IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

KEVIN COOPER
Reg. #31073-074                                                                                   PLAINTIFF

V.                                    2:09-cv-00032 JJV

T. C. OUTLAW, Warden, FCI-Forrest City; E. J.
PRINCE, Medical Director, FCI-Forrest City;
HIPOLITO MATOS; M. WILLIAMS, Acting
Medical Director,  FCI-Forrest City                                                         DEFENDANTS

## ORDER

Plaintiff initiated this *pro se* action by filing a Complaint pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against officers of the Federal Correctional Institute in Forrest City.[1]  Currently pending before the Court is a Motion for Summary Judgment (Doc. No. 15) filed by Defendants on August 3, 2009.  On August 27, 2009, the Court entered an Order (Doc. No. 23) granting Plaintiff additional time in which to file his Response to the Motion and cautioning him of his responsibilities under Local Rule 5.5(c)(2)[2] to keep the Court informed of any changes of his address and to prosecute his case diligently.  Plaintiff did file a response (Doc.

---

[1]  Because all the parties have consented in writing to allow a United States Magistrate Judge to exercise jurisdiction (Doc. No. 21), this Court has plenary authority over the case.

[2]  Local  Rule  5.5(c)(2): "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

1

No. 26) to the pending motion on September 4, 2009.

On October 2, 2009, the Court mailed a copy of a non-text docket entry to Plaintiff at his last-known address, the Federal Correctional Institute at Seagoville, Texas (Doc. No. 29). That correspondence was returned to the Court as undeliverable on October 16, 2009, marked "Return to Sender - Unable to Forward" (Doc. No. 31). According to the "Inmate Locator" feature of the Bureau of Prison's website, www.bop.gov, Plaintiff was released on September 25, 2009. Mail was returned to the Court as undeliverable on November 12 (Doc. No. 37) and November 23, 2009 (Doc. No. 38). The Court has had no further communication from Plaintiff since September 4, 2009, and has been provided no other address for Plaintiff, and has no other means by which to contact him.

Under the circumstances, the Court concludes that this case should therefore be dismissed, without prejudice, due to Plaintiff's failure to prosecute the action diligently and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); *Brown v.Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE ORDERED that Plaintiff's claims be and they are hereby DISMISSED WITHOUT PREJUDICE.

DATED this 30th day of November, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE